IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY CALLIS,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   )  Civil Action No. 11-194J
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )

MEMORANDUM JUDGMENT ORDER

AND NOW, this  21st  day of May, 2012, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying his application for

disability insurance benefits ("DIB") and supplemental security

income ("SSI") under Title II and Title XVI, respectively, of the

Social Security Act ("Act"), IT IS ORDERED that the Commissioner's

motion for summary judgment (Document No. 15) be, and the same

hereby is, granted and plaintiff's motion for summary judgment

(Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those

AO 72
(Rev. 8/82)

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed his DIB and SSI applications on May 18, 2009, alleging disability as of January 1, 2009, due to depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on August 24, 2010, at which plaintiff appeared represented by counsel. On October 7, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 28, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 49 years old on his alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a machine operator, roofer, laborer, stocker, delivery driver and unloader, but he has not engaged in substantial gainful activity at any time since his alleged onset

AO 72
(Rev. 8/82)

date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he is not disabled within the meaning of the Act. Although the ALJ found that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, moderate left neural foraminal stenosis at L1-L2, mild foraminal stenosis at L4-L5 and L5-S1, dyskinesis of the heart, antisocial personality disorder, anxiety disorder, major depressive disorder and polysubstance abuse, he determined that those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work, along with a number of other limitations. Plaintiff requires the option to sit and stand during the work day approximately every 30 minutes. In addition, plaintiff is limited to simple, routine and repetitive tasks that are not performed in a fast-paced production environment, and he requires work that involves only simple, work-related decision and relatively few work place changes. Finally, plaintiff is limited to occasional interaction with supervisors, he must avoid interaction with co-workers and the general public, and he is limited to working primarily with objects rather than people (collectively, the "RFC Finding").

AO 72
(Rev. 8/82)

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a stock checker for apparel, a housekeeper/cleaner or a dog bather. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the

claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1]  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process by arguing that the ALJ did not properly consider and weigh the opinion of Elizabeth Kline, who was plaintiff's treating nurse practitioner. For reasons explained below, this argument is without merit.

Ms. Kline completed a form report on which she assessed plaintiff's functional ability to perform various mental work-related activities. Ms. Kline rated plaintiff as having fair ability[2] to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, function independently, maintain personal appearance, behave in an emotionally stable manner, and understand, remember and carry out simple job instructions. (R. 254-55). Ms. Kline determined that plaintiff had poor ability[3] to deal with work stress, maintain

---

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Farqnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

[2]"Fair" is defined on the form as "ability to function in this area is limited but satisfactory." (R. 254).

[3]"Poor" is defined on the form as "ability to function in this area is seriously limited but not precluded." (R. 254).

AO 72
(Rev. 8/82)

attention and concentration, relate predictably in social situations, and understand, remember and carry out complex or detailed job instructions. (R. 254-55). Ms. Kline assessed plaintiff's GAF score at 55, which indicates only moderate symptoms,[4] yet she checked "no" in response to a question asking if plaintiff could work a normal work day and work week. (R. 256).

In assessing opinion evidence, the ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. 20 C.F.R. §§404.1513(a), 416.913(a). The ALJ also may consider evidence about a claimant's impairments and ability to work from other sources who are not deemed an "acceptable medical source," such as a nurse practitioner like Ms. Kline. 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1). Nevertheless, a nurse practitioner's opinion is not entitled to controlling weight. See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999).

Although the ALJ was not obliged to afford controlling weight to Ms. Kline's opinion, the ALJ considered her opinion as required

_____

[4]The GAF scale, designed by the American Psychiatric Association, is used by clinicians to report an individual's overall level of mental functioning. The GAF scale considers psychological, social and occupational functioning on a hypothetical continuum of mental health to illness. The highest possible score is 100 and the lowest is 1. A score between 51-60 indicates that one has moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000).

AO 72
(Rev. 8/82)

by Social Security Ruling ("SSR") 06-03p, which clarifies how evidence from sources who are not "acceptable medical sources" should be evaluated.  See SSR 06-03p, 2006 WL 2329939, at *1. SSR 06-03p explains that opinions from treatment providers who are not "acceptable medical sources" are "important and should be evaluated on key issues such as impairment severity and functional effects. . . ." Id. at *3.  When evaluating evidence from these sources, the Ruling directs consideration of the same factors as are used to evaluate evidence from acceptable medical sources, which include, but are not limited to, the following:  the nature and extent of the relationship between the source and the individual; how well the source explains the opinion; the source's area of specialty or expertise; the degree to which the source presents relevant evidence to support her opinion; whether the opinion is consistent with other evidence; and any other factors that tend to support or refute the opinion.  Id. at **4-5.

Here, the ALJ considered and evaluated Ms. Kline's opinion consistent with these standards.  After first noting that Ms. Kline is not an "acceptable medical source", the ALJ nonetheless evaluated the evidence and opinion she offered and explained why it was not entitled to controlling weight.  (R. 19).  The ALJ based his determination on the following factors: (1) Ms. Kline's opinion was inconsistent with other medical evidence; (2) Ms. Kline's opinion that plaintiff is unable to work contradicts her recommendation that plaintiff should participate in occupational/vocational rehabilitation; (3) plaintiff's treatment

AO 72
(Rev. 8/82)

history is inconsistent with an individual as limited as Ms. Kline's opinion suggests; and (4) plaintiff's activities of daily living are inconsistent with Ms. Kline's assessment.   (R. 19).

The ALJ considered and evaluated Ms. Kline's opinion in accordance with the requirements of SSR 06-03p, and the court concludes the ALJ properly determined her opinion was not entitled to controlling weight.   The court also notes that the ALJ's RFC Finding accounts for Ms. Kline's assessment that plaintiff has poor ability to deal with work stress, maintain attention and concentration, relate predictably in social situations and understand, remember and carry out complex or detailed job instructions.   The RFC Finding accommodated these limitations by restricting plaintiff to the following: simple, routine and repetitive tasks that are not performed in a fast-paced production environment; work that involves only simple, work-related decision and relatively few work place changes; and occasional interaction with supervisors, no interaction with co-workers and the general public, and working primarily with objects rather than people.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.   The ALJ's findings and conclusions are supported by

AO 72
(Rev. 8/82)

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_Gustave Diamond_

Gustave Diamond
United States District Judge


cc: Kelie C. Schneider, Esq.
    Robert Peirce & Associates, P.C.
    707 Grant Street, 2500 Gulf Tower
    Pittsburgh, PA 15219

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901

AO 72
(Rev. 8/82)